ARMSTRONG *et al.* v. WHITE.

No. 6490. Opinion Filed September 1, 1914.

Rehearing Denied October 13, 1914.

(143 Pac. 329.)

APPEAL AND ERROR—Parties—Dismissal. From the motion to dismiss and the case-made filed in this court, it appears that the judgment in said cause was a joint judgment against A H. and B. B. refused to join as party plaintiff in error in this court, and he was not made a party defendant. The case-made was not served on him. Held, that a reversal of this cause would prejudicially affect B.'s interest. He not having been made a party to the proceedings in this court, the proceeding must be dismissed.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by I. S. White, administrator of the estate of S. M. White, deceased, against C. L. Armstrong and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*C. T. Huddleston,* for plaintiffs on error.

*Wm. S. Peters,* for defendant in error.

RIDDLE, J. This cause comes on for hearing upon a motion of defendant in error to dismiss the proceeding in this court, for the reason, among others, that the judgment rendered herein was a joint judgment against three defendants, to wit, C. L. Armstrong, T. M. Haynes, and James Barnett; that one of defendants in said cause, Barnett, refused to join in the proceeding in this court as a party plaintiff in error, and has served written notice on all the other parties and their attorneys to that effect. Plaintiffs in error have failed to make said Barnett a party defendant in error, and it appears, from the motion and record filed in this court, that he is not now a party to the proceeding in this court. The record also fails to show that the case-made was served upon him. It has been held many times by this court that all parties to a joint judgment, whose rights would be affected adversely by a reversal, must either be made parties plaintiff or parties defendant in error in order to give this court jurisdiction. Where a party to a joint judgment refuses to be made a party plaintiff in error, in order to bring the proceeding to this court and to confer jurisdiction upon this court to determine the case upon its merits, he should be made a party defendant, and the case-made served upon him in the manner provided by statute. Otherwise this court will have no jurisdiction to determine the controversy on its merits.

For the foregoing reasons, the proceeding in this court is dismissed.

All the Justices concur.